IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MOODY MOTOR CO., INC.,** ) | |
| ) | 8:06CV751 |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | and |
| ) | |
| **RFJ AGENCIES, INC.,** ) | REPORT AND |
| ) | RECOMMENDATION |
| Defendant. ) | |

This matter is before the court on the plaintiff's Motion to Remand (Filing No. 6).[1] The plaintiff filed a brief (Filing No. 7) in support of the motion. In response, the defendant filed a Motion for Leave to File an Amended Notice of Removal (Filing No. 9), the proposed amended notice (Filing No. 10) and a brief (Filing No. 11) in support of its motion. In reply, the plaintiff filed an Objection to Evidence Offered by Defendant in Support of its Motion to File Amended Leave to Remove (Filing No. 13) and a brief (Filing No. 14) in opposition to the defendant's motion. For the reasons set forth below, the court recommends the plaintiff's motion to remand be denied.[2]

---

[1] As part of the motion to remand, the plaintiff also objected to the defendant's designation for place of trial. The issues surrounding place of trial will be resolved in a separate order.

[2] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare *Vogel v. U.S. Office Prods. Co.***, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and ***Johnson v. Tyson Fresh Meats, Inc.***, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with *White v. State Farm Mut. Auto. Ins. Co.***, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord *First Union Mortgage Corp. v. Smith***, 229 F.3d 992 (10th Cir. 2000); ***In re U.S. Healthcare***, 159 F.3d 142, 145 (3d Cir. 1998); **see also *Meier v. Premier Wine & Spirits, Inc.***, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand,
(continued...)

## BACKGROUND

According to the allegations in the complaint, the plaintiff does business as a car dealership in Niobrara, Knox County, Nebraska. **See** Filing No. 1, Exhibit 1. Prior to 2005, the defendant, a Minnesota corporation with its principal headquarters in Minneapolis, Minnesota, provided insurance agents in Nebraska with written materials detailing insurance plans or packages, which the defendant brokered. *Id.* ¶¶ 2, 4. Among these insurance plans or packages were policies designed for the specialized insurance needs of automobile dealers. *Id.* On January 10, 2005, the plaintiff submitted an application to the defendant for insurance to cover the automobiles in inventory at the dealership in Niobrara, Nebraska. *Id.* ¶ 5. The defendant provided the plaintiff with an insurance proposal, which the plaintiff accepted for standard and weather aggregate coverages. *Id.* ¶ 6. On January 28, 2005, the plaintiff received a fax from the defendant titled "Evidence of Property Insurance" which stated "Weather Retention: $35,000 Aggregate - Based on 180 Units." *Id.* ¶ 7. On April 15, 2006, the plaintiff received a letter which stated, "Enclosed is your dealers open lot policy effective 02/01/05. We are waiting for your weather aggregate policy to come in and will forward it to you as soon as it is received." *Id.* ¶ 9.

On June 4, 2005, a hail storm caused "extensive damage" to the inventory of vehicles at the plaintiff's dealer lot, which was reported to the defendant. *Id.* ¶¶ 11-12. The defendant denied the plaintiff had weather aggregate coverage and refused to process or pay the plaintiff's claim. *Id.* ¶ 13. The defendant stated weather aggregate coverage was not available to the plaintiff under the terms of the policy because the plaintiff did not use U.S. Bank as its floorplan financial institution. *Id.* ¶ 14. The plaintiff uses Union Bank, as stated in the January 2005 application. *Id.*

Based on these allegations, the plaintiff filed claims against the defendant for negligent failure to obtain coverage, negligent misrepresentation, and breach of contract.

---

[2] (...continued)
every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

The plaintiff seeks "judgment in the Plaintiff's favor and against the Defendant in an amount to be proven at trial, for its costs in this action, attorneys' fees as allowed by law and statute, and other relief as the Court deems just." *Id.* p. 6-7. The plaintiff did not state any particular amount of damages in the complaint.

The plaintiff initially filed suit on November 16, 2006, in the District Court of Knox County, Nebraska. **See** Filing No. 1 ¶ 1. On November 22, 2006, the defendant received a copy of the Summons and Complaint. *Id.* ¶ 2. On December 12, 2006, the defendant filed a Notice of Removal in this court. In the notice, the defendant stated, "The district court has original jurisdiction of the is matter under 28 U.S.C. § 1332; removal of this action to the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1441, subsection (a)." *Id.* ¶ 4.

## ANALYSIS

Because no federal question is presented, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. ***James Neff Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 831 (8th Cir. 2005); **In re *Minnesota Mut. Life Ins. Co. Sales Practices Litig.***, 346 F.3d 830, 834 (8th Cir. 2003); ***Crosby v. Aid Ass'n for Lutherans***, 199 F.R.D. 636, 638 (D. Minn. 2001) ("When no amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence.").

Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing

party. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Bus. Men's Assurance Co. of Am.**, 992 F.2d 181, 183 (8th Cir. 1993). Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." **Hurt v. Dow Chem. Co.**, 963 F.2d 1142, 1145 (8th Cir. 1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

Any case wherein a United States District Court has original jurisdiction can be removed. A United States District Court has original jurisdiction over civil actions arising under the Constitution, law, or treaties of the United States. **See** 28 U.S.C. § 1331. Additionally, the United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between:

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**See** 28 U.S.C. § 1332. This type of subject matter jurisdiction is known as diversity jurisdiction. The plaintiff need not bring the motion to remand based on lack of subject matter jurisdiction within thirty days of filing the notice of removal. **See Wisconsin Dep't of Corr. v. Schacht**, 524 U.S. 381, 389 (1998). Under the removal statute: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

There is no question the parties are citizens of different States. The parties dispute whether the statutory amount in controversy has been shown. The plaintiff's complaint did not allege a specific amount of damages. The plaintiff now asserts the defendant failed to allege either that the statutory minimum was met or offer factual support showing the value of this litigation exceeds $75,000. The plaintiff does not allege the amount in controversy is less than $75,000, but instead argues the defendant has failed to meet its

4

burden upon removal to show such amount is in controversy. The plaintiff cites cases from the Fifth, Ninth and Tenth Circuits indicating that if the complaint and notice of removal are insufficient to establish the amount in controversy, the matter must be remanded. The plaintiff relies particularly on ***Boeing Wichita Credit Union v. Wal-Mart Real Estate Business Trust***, 370 F. Supp. 2d 1128 (D. Kan. 2005). The ***Boeing Wichita*** court remanded the matter even where the defendant made a showing the amount in controversy exceeded the statutory minimum because such showing was not made in the complaint or notice of removal, but in response to an order to show cause. ***Boeing Wichita***, 370 F. Supp. 2d at 1129-30. The court noted: "In fact, the Tenth Circuit has strongly suggested that no additional evidence beyond the complaint and notice of removal may be considered in determining whether the amount in controversy is sufficient to confer jurisdiction." *Id.* at 1130 (**citing *Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1291 n.4 (10th Cir. 2001)). The Eighth Circuit does not similarly limit the evidence.

In addition to evaluating the allegations made in the complaint and notice of removal, the court may look outside the pleadings to other evidence in the record to determine whether subject matter jurisdiction exists. ***Land v. Dollar***, 330 U.S. 731, 735 & n.4 (1947). "[T]he Eighth Circuit Court of Appeals has authorized the courts to consider affidavits and answers to interrogatories either to support or defeat diversity jurisdiction." ***McCorkindale v. Am. Home Assurance Co./A.I.C.***, 909 F. Supp. 646, 654-65 (N.D. Iowa 1995) (**citing *Larkin v. Brown***, 41 F.3d 387, 389 (8th Cir. 1994); ***Zunamon v. Brown***, 418 F.2d 883, 887 (8th Cir. 1969)).

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. ***Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach***, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); ***Keene Corp. v. United States***, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court); ***James Neff***, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the

jurisdictional amount, does not defeat federal jurisdiction acquired through removal." ***Hatridge v. Aetna Cas. & Sur. Co.***, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." ***Dyrda v. Wal-Mart Stores, Inc.***, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** ***Gilmer v. Walt Disney Co.***, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** ***Allen v. R & H Oil & Gas Co.***, 63 F.3d 1326, 1335 (5th Cir. 1995))). When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. **See** ***Kopp v. Kopp***, 280 F.3d 883, 884-85 (8th Cir. 2002). A plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages.

The only specific amount listed in the complaint states the insurance policy was to include coverage for "Weather Retention: $35,000 Aggregate - Based on 180 Units." **See** Filing No. 1, Exhibit 1 ¶ 7. In the defendant's filings seeking leave to amend the notice of removal, the defendant specifically alleges, "The amount in controversy exceeds the jurisdictional limit of $75,000.00." **See** Filing No. 10 ¶ 6. Additionally, the defendant states, "The affidavit of [its attorney] providing proof of the jurisdictional amount is being filed contemporaneously with this Amended Notice of Removal." ***Id.*** ¶ 9. In the affidavit, the defendant shows that on June 21, 2006, the defendant received a settlement proposal for an amount well in excess of the jurisdictional minimum. ***Id.*** ¶¶ 3-5. The settlement proposal provides a detailed explanation of the damages sought by the plaintiff for hail damage. **See** Filing No. 11 p. 7. The defendant states it relied on this settlement proposal when filing the notice of removal. **See** Filing No. 10 ¶ 6.

The plaintiff objects to the defendant's offering into evidence the settlement proposal for the reason that the proposal is not be properly admissible pursuant to Fed. R. Evid. 408. Specifically, the plaintiff argues allowing such evidence is a violation of the public policy behind the rule and the express language of the advisory committee notes. Federal Rule of Evidence 408 provides:

6

> (a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

> However,
>
>> another acceptable purpose is to show that the amount in controversy exceeds $75,000 and, together with complete diversity of the parties, to establish removal jurisdiction. As [the defendant] points out, the letter is not being offered as an admission of liability or the amount of liability. Further, the purpose of Fed. R. Evid. 408, to encourage settlements, is not undermined by use of a demand letter in a notice of removal. [Furthermore,] [i]f the Court disallowed the use of a demand letter as a basis for removal, defendants would risk waiving the right of removal.

***Archer v. Kelly***, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) (**citing** Fed. R. Evid. 408 advisory committee's notes (1974 Enactment)). In support of this position, the ***Archer*** court noted "a pre-suit demand letter may be considered an 'other paper' from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b)." ***Id.*** at 1324 (**citing *Central Iowa Agri-Sys. v. Old Heritage Adver. & Publishers, Inc.***, 727 F. Supp. 1304, 1305-06 (S.D. Iowa 1989)); **see *LaPree v. Prudential Fin.***, 385 F. Supp. 2d

7

839 (S.D. Iowa 2005) (holding the case was not timely removed, under the thirty-day requirement of 28 U.S.C. § 1446(b), when defendant became aware of amount in controversy through demand letter); **see also** *In re Willis*, 228 F.3d 896 (8th Cir. 2000) (per curiam) (discussing triggering of thirty-day requirement of 28 U.S.C. § 1446(b)). This court agrees with the reasoning employed by the *Archer* court and will consider the settlement proposal evidence in this case since the plaintiff's demand letter was sufficient to put the defendant on notice of the amount in controversy. Accordingly, the plaintiff's objection to the defendant's evidence is overruled.

A settlement offer made at the time of, or before, the filing of the notice of removal may not be determinative of the jurisdictional amount. However, such a settlement offer is evidence tending to show what amount of damages the plaintiff intends to place in controversy. In contrast, evidence a plaintiff sought to settle the claims for less than $75,000 in a binding manner may require remand, if it binds or limits the plaintiff's possible recovery. This is so because even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. **See** *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (stating that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *McCorkindale*, 909 F. Supp. at 653 (**citing** *Allen*, 63 F.3d at 1335). The plaintiff's settlement proposal provides more than a conclusory statement, the proposal outlines the damages as alleged by the plaintiff in the complaint by stating the number of cars damaged, the type of damage and cost of repair. Accordingly, the court finds the settlement proposal shows the amount in controversy by a preponderance of the evidence, although it was dated five months prior to the plaintiff filing the complaint.

The defendant may meet its burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" **Gilmer**, 915 F. Supp. at 1007 (**quoting Allen**, 63 F.3d at 1335) (internal citation omitted); **Quinn v. Kimble**, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." **James Neff**, 393 F.3d at 834 (**quoting Kopp**, 280 F.3d at 885). The Eighth Circuit has stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." **Kopp**, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim).

Prior to filing the complaint, the plaintiff sought to settle the claims for an amount in excess of $75,000. In the proposal, the plaintiff specifically outlined the damages caused by the hail damage, which it alleges should have been covered by the insurance policy in dispute here. The plaintiff does not now dispute the actual amount in controversy or seek to limit its recovery below the jurisdictional minimum. The court finds that based on the nature of the plaintiff's claim, together with the prayer for damages and other evidence in the record, a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum. Accordingly, the court finds the amount in controversy is sufficient to grant this court diversity jurisdiction and the defendant will be given leave to amend the notice of removal.

Based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion for Leave to File an Amended Notice of Removal (Filing No. 9) is granted. The defendant shall have to **on or before February 26, 2007**, to file the Amended Notice of Removal with all appropriate attachments.

2. The plaintiff's Objection to Evidence Offered by Defendant in Support of its Motion to File Amended Leave to Remove (Filing No. 13) is overruled.

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion to Remand (Filing No. 6) be denied.

**ADMONITION**

Pursuant to NECivR 72.2 and 72.3 any appeal to this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order and Report and Recommendation. Failure to timely appeal or object may constitute a waiver of any appeal or objection. The brief in support of any appeal or objection shall be filed contemporaneously. Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

Dated this 12th day of February, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge