IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MOODY MOTOR CO., INC., ) | |
| ) | 8:06CV751 |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| RFJ AGENCIES, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's Objection to Place of Trial and Request for Place of Trial in Lincoln, Nebraska (Filing Nos. 6 and 8).[1] The plaintiff filed a brief (Filing No. 7) and an affidavit (Filing No. 8-2) in support of the motion. The defendant filed a brief (Filing No. 15) and an affidavit (Filing No. 16) in support of its request for trial in Omaha, Nebraska.

## BACKGROUND

According to the allegations in the complaint, the plaintiff does business as a car dealership in Niobrara, Knox County, Nebraska. **See** Filing No. 1, Exhibit 1. Prior to 2005, the defendant provided insurance agents in Nebraska with written materials detailing insurance plans or packages, which the defendant brokered. *Id.* ¶ 4. Among these insurance plans or packages were policies designed for the specialized insurance needs of automobile dealers. *Id.* On January 10, 2005, the plaintiff submitted an application to the defendant for insurance to cover the automobiles in inventory at the dealership in Niobrara, Nebraska. *Id.* ¶ 5. The defendant provided the plaintiff with an insurance proposal, which the plaintiff accepted for standard and weather aggregate coverages. *Id.* ¶ 6. On January 28, 2005, the plaintiff received a fax from the defendant titled "Evidence of Property Insurance" which stated "Weather Retention: $35,000 Aggregate - Based on 180 Units." *Id.* ¶ 7. On April 15, 2006, the plaintiff received a letter which stated,

---

[1] As part of the objection, the plaintiff also moved for remand of the case to state court. The issues surrounding remand will be resolved in a separate order and report and recommendation.

"Enclosed is your dealers open lot policy effective 02/01/05. We are waiting for your weather aggregate policy to come in and will forward it to you as soon as it is received." *Id.* ¶ 9.

On June 4, 2005, a hail storm caused "extensive damage" to the inventory of vehicles at the plaintiff's dealer lot, which was reported to the defendant. *Id.* ¶¶ 11-12. The defendant denied the plaintiff had weather aggregate coverage and refused to process or pay the plaintiff's claim. *Id.* ¶ 13. The defendant stated weather aggregate coverage was not available to the plaintiff under the terms of the policy. *Id.* ¶ 14. Based on these allegations, the plaintiff filed claims against the defendant for negligent failure to obtain coverage, negligent misrepresentation, and breach of contract.

The plaintiff initially filed suit on November 16, 2006, in the District Court of Knox County, Nebraska. **See** Filing No. 1 ¶ 1. On November 22, 2006, the defendant received a copy of the Summons and Complaint. *Id.* ¶ 2. On December 12, 2006, the defendant filed a Notice of Removal in this court. In the notice, the defendant stated a request for trial in Omaha. On December 22, 2006, the plaintiff filed its objection to the designation, stating Lincoln, Nebraska is the more convenient location for trial.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for

change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  *Standard Office Sys. v. Ricoh Corp.*, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *General Comm. of Adjustment v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  *Nelson*, 747 F. Supp. at 535 (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see also** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiff notes that Niobrara, Nebraska is practically the same distance from Omaha, as it is from Lincoln.  However, Lincoln is more convenient for an important witness, Don Grantham, who was named in the complaint as the insurance broker involved in the underlying situation.  The plaintiff states Mr. Grantham lives and works in Lincoln, Nebraska.  **See** Filing No. 8-2 ¶ 2(b).  The plaintiff states it prefers trial in Lincoln and it would be more convenient for its counsel, two Lincoln law firms.

The defendant counters that Niobrara is 14 miles closer to Omaha, than to Lincoln. The defendant contends there are at least three of the plaintiff's employees, coming from Niobrara, who will be witnesses at trial.  **See** Filing No. 16 ¶ 3.  The defendant and its employees are from Minneapolis, Minnesota.  *Id.* ¶ 4.  The defendant contends it will be more convenient and less expensive to travel from Minneapolis to Omaha, than to Lincoln. Counsel for the defendant has an office in Omaha, Nebraska.  Further, the defendant contends the plaintiff's counsel were willing to try this case in Niobrara which is substantially further away from Lincoln, than Lincoln is from Omaha.  Finally, the defendant argues the plaintiff merely seeks to shift the burden of driving between Omaha and Lincoln from the plaintiff's counsel to the defendant's counsel.

The convenience of the defendant, its counsel and the majority of witnesses, on the basis of the affidavits before the court, appears to favor Omaha.  The relative convenience of trial in Omaha outweighs the convenience to the plaintiff of having trial in Lincoln.  The plaintiff has failed to show the burden to one witness and counsel of traveling to Omaha outweighs the convenience of the remaining known witnesses.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should remain in Omaha, Nebraska.  Upon consideration,

**IT IS ORDERED:**

The plaintiff's Objection to Place of Trial and Request for Place of Trial in Lincoln, Nebraska (Filing Nos. 6 and 8) is overruled.

Dated this 12th day of February, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

4