IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MOODY MOTOR CO., INC., )
                                             )                    8:06CV751
                 Plaintiff, )

v. )
                                             )       MEMORANDUM AND ORDER
LLOYD'S OF LONDON, INC., )
TRAFALGAR GROUP, INC., )
RJF AGENCIES, INC., )

                 Defendants. )

This matter is before the court on defendant Trafalgar Group, Inc.'s motion to dismiss, Filing No. 79, plaintiff's amended complaint, Filing No. 58. On November 16, 2006, plaintiff Moody Motor Co., Inc. ("Moody"), a corporation with its principal place of business in Niobrara, Nebraska, brought suit against defendant RJF Agencies, Inc. ("RJF"), a Minnesota corporation doing business in Minneapolis, Minnesota, as an insurance broker. Moody filed the complaint in the District Court of Knox County, Nebraska, and RJF filed for removal of the case to the United States District Court of Nebraska on December 12, 2006. Moody filed an amended complaint on February 19, 2008, Filing No. 58, adding defendants Lloyd's of London, Inc. ("Lloyd's"), a corporation based in London, United Kingdom, and Trafalgar Group, Inc. ("Trafalgar"), a corporation based in Roswell, Georgia.

Moody is a car dealership doing business in Niobrara, Nebraska. On January 10, 2005, Moody submitted an application for insurance to RJF in the hopes of covering its automobile inventory. Filing No. 58, Amended Complaint, ¶ 9. Moody was hoping to obtain both standard and weather aggregate coverage under the insurance plan. On or

about five days later, RJF presented Moody with a proposal for insurance coverage, naming Lloyd's as the insurer. Moody states that Lloyd's gave Trafalgar the authority to place the insurance with RJF. Filing No. 58, Amended Complaint, ¶ 10. This coverage proposal included weather aggregate coverage. Filing No. 58, Amended Complaint, Exhibit B. Moody paid its first insurance premium in March of 2005, and on June 4, 2005, a hail storm damaged much of Moody's automobile inventory. Filing No. 58, Amended Complaint, ¶ 12, 14.

Moody alleges three causes of action against all three defendants in the amended complaint: (1) negligent failure to obtain insurance coverage, (2) negligent misrepresentation, and (3) a breach of contract. Moody seeks damages, costs, and attorneys' fees as allowed by Neb. Rev. Stat. § 44-359.[1] Moody also requests a jury trial. Diversity jurisdiction is proper in this case under 28 U.S.C. § 1332.

Defendant Trafalgar brings the motion to dismiss at issue, contending that pursuant to Fed. R. Civ. P. 12(b)(6), the court should dismiss the amended complaint as against Trafalgar on the basis that it fails to state a claim upon which relief can be granted. Filing No. 79. In its brief in support of the motion to dismiss, Filing No. 80, Trafalgar argues that the first two allegations in plaintiff's amended complaint, negligent failure to obtain insurance coverage and negligent misrepresentation, are brought solely against RJF. Trafalgar then argues that the third allegation, breach of contract, is insufficient as it does not allege any contract between Moody and Trafalgar. Plaintiff Moody opposes this motion to dismiss.

---

[1] Because the incident giving rise to this claim occurred in Nebraska, this court will apply Nebraska law since the parties have not argued to the contrary.

## MOTION TO DISMISS

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id*. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id*. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of

entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

## DISCUSSION

### I. Negligent failure to obtain insurance coverage & negligent misrepresentation

The first two theories of relief in plaintiff's amended complaint are negligent failure to obtain insurance coverage and negligent misrepresentation. The specific allegations of negligence in the amended complaint contain references solely to RJF's conduct, actions, and failures to act. Filing No. 58, Amended Complaint, ¶ 22-27. However, Moody argues in its reply brief opposing this motion to dismiss that Trafalgar would be liable for RJF's negligence under a theory of vicarious liability. Filing No. 89, Reply Brief, 2. Moody argues that it sufficiently stated such a claim in its amended complaint so as to have put Trafalgar on notice that it could be liable under such a theory. *Id.*

The standards for pleadings set forth by Rule 8(a)(2) of the Federal Rules of Civil Procedure are very liberal. "All that is required of a complaint is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Smith v. Ouachita Technical College,* 337 F.3d 1079, 1080 (8th Cir. 2003), quoting Fed. R. Civ. P. 8(a). A complaint should not be dismissed "merely because it does not state with precision" all of the elements giving rise to a claim. *Smith,* 337 F.3d at 1080. Looking at the amended complaint, Moody does state in its allegations that "RJF was authorized by Trafalgar Group . . . to issue the insurance policy," and that RJF was acting "on behalf of Trafalgar Group." Filing No. 58, Amended Complaint, ¶ 2, 8. Additionally, most of the general allegations found in the amended complaint refer to "Defendants" as a whole. *Id.* at ¶ 8-21. These general allegations are then incorporated by reference to the specific theories for relief.

*Id.* at ¶ 22, 25, 28. Though Moody never uses the specific phrases of "vicarious liability" or "respondeat superior," given the liberal notice-pleading system established by the Federal Rules of Civil Procedure, Moody's allegations are sufficient to put Trafalgar on notice, and taken as factually true as required to decide a 12(b)(6) motion, they do state a claim upon which relief may be granted.

II. **Breach of contract**

The final theory of relief in plaintiff's amended complaint is breach of contract. In order to recover for a breach of contract, the plaintiff must prove a promise, the breach of that promise, and damages resulting from that breach. [K.M.H. v. Lutheran General Hosp., 431 N.W.2d 606, 608 (Neb. 1988)](#).

In order for a promise to have been made, Trafalgar must have either been an insurance broker, or an insurance agent that had agreed to be personally bound by the contract. Under Nebraska law, a distinction is made between these two types of intermediaries in a breach of contract to procure insurance. An insurance broker represents the insured as a middleman, soliciting insurance while not being employed by any special company; an insurance agent "represents an insurer under an exclusive employment agreement by the insurance company." [Broad ex rel. Estate of Schekall v. Randy Bauer Ins. Agency, Inc., 749 N.W.2d 478, 483 (Neb. 2008)](#). The court in *Schekall* went on to state that it recognized a breach of contract action for failing to procure insurance against an insurance broker, but not against an insurance agent unless the agent had previously agreed to bind himself personally. [Schekall, 749 N.W.2d at 484](#). However, the same court also stated that whether a party is a broker or an agent is an issue of fact. *Id.* at 483.

Plaintiff's amended complaint states that Trafalgar "through an authorized intermediary, bills insureds in Nebraska for insurance. . . . Trafalgar Group operated as an authorized agent/intermediary for Lloyd's of London." Filing No. 58, Amended Complaint, ¶ 3. Furthermore, Moody states in the amended complaint that "RJF was authorized by Trafalgar Group and Lloyd's of London to issue the insurance policy. . . ." *Id.* at ¶ 2. Moody uses the terms "agent" and "broker" interchangeably throughout the brief, indicating a broader use of the term rather than the narrow construction used by the *Schekall* court. The *Schekall* court itself noted that many courts have often used the term "insurance agent" loosely. *Schekall*, 749 N.W.2d at 483. Construing the allegation liberally, and taking the facts as true for the purposes of deciding this motion, it is plausible that a promise to provide insurance was made by Trafalgar to Moody.

The complaint's allegations, taken as true, make it clear that such a promise was breached. The complaint also clearly alleges that Moody suffered monetary damages as a result of the breached promise. Using the standard set forth by the *Bell* court and assuming all of the allegations in the complaint are true, even if doubtful in fact, Moody's claim for breach of contract does state a claim of relief that is plausible.

THEREFORE, IT IS ORDERED that defendant's motion to dismiss, Filing No. 79, is denied.

DATED this 17th day of October, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge